IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LESHAUN BENJAMIN,

                              Plaintiff,                           OPINION AND ORDER

v.

                                                                     21-cv-536-wmc

SGT. SONNETAG, SGT. BARRETT and
SGT. LEE,

                              Defendants.

---

*Pro se* plaintiff Leshaun Benjamin, who currently is incarcerated at Waupun Correctional Institution ("Waupun"), is proceeding in this lawsuit under 42 U.S.C. § 1983, on claims that defendants, three Waupun employees, violated his Eighth Amendment rights by subjecting him to inhumane conditions of confinement. Now before the court are the defendants' unopposed motion to dismiss or transfer this case to the Eastern District of Wisconsin, under 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3) (dkt. #18), and Benjamin's motion for assistance in recruiting counsel (dkt. #23). Since venue is improper in this district but proper in the Eastern District of Wisconsin, the court will grant the motion and transfer this case, and will further deny Benjamin's motion for assistance in recruiting counsel, without prejudice to his renewing it in the Eastern District of Wisconsin.

OPINION

Under 28 U.S.C. §§ 1391(a) and (b), venue is proper in a district court where one or more of the defendants reside (if they are all residents of the same state), or where a substantial part of events giving rise to a lawsuit occurred. When a lawsuit is filed in an

improper district, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants point out that venue is improper in this district court because: (1) all events relevant to this lawsuit are alleged to have occurred at Waupun, which is located in Dodge and Fond du Lac Counties, which lie within the Eastern District of Wisconsin, *see* 28 U.S.C. § 130(a); and (2) defendants do not reside within this district, nor did they reside within this district at the time Benjamin filed his complaint (*see* Decl. of Pauline Toulouse (dkt. #19) ¶¶ 3-4). Benjamin does not challenge these assertions, and instead agrees that a transfer is appropriate. (Dkt. #20, at 1.) Therefore, the court finds that venue is improper in this district, and further that transferring this case to the Eastern District of Wisconsin, where venue is proper, serves the interests of justice.

Finally, Benjamin has also filed a request for appointment of counsel, in which he states that the issues in this case are complex, he has limited access to legal resources because he is in segregation, he has a learning disability, and that he has written to three attorneys who have declined to represent him. (*See* dkt. ##23, 25.) Civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, use its discretion to determine whether to help recruit counsel to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* publico."). Benjamin is proceeding *in forma pauperis*, so he is

eligible for recruitment of counsel.

Before deciding whether to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Benjamin represents that he wrote to three attorneys and he filed two attorney rejection letters, so the court finds that he met this threshold requirement. Nonetheless, the court is denying his motion, since plaintiff has not shown that "the difficulty of the case -- factually and legally -- exceeds [his] capacity as a layperson to coherently present it to the judge or jury." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). This lawsuit is in its beginning stages and will be transferred to the Eastern District where a schedule will be set. Benjamin's submissions do not suggest that he is unable to navigate this lawsuit at this stage. To the contrary, his filings suggest that he is well aware of the legal standards and facts governing his claim and that he is able to process the court's orders and defendants' filings. Although Benjamin appears to have included extraneous arguments in his briefing, that is not a reason to find him incapable of litigating this case. Therefore, the court is denying his motion for assistance in recruiting counsel without prejudice to his ability to renew it in the Eastern District. In renewing this motion, Benjamin should do his best to describe in detail the *specific* challenges litigating this case presents for him, as clearly and precisely as possible, understanding that both this court and the Eastern District of Wisconsin recruit counsel in very limited circumstances, and typically do not do so at the early stages of lawsuits.

ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss or transfer venue (dkt. #18) is GRANTED, as provided above.

2) Plaintiff Leshaun Benjamin's motion for assistance in recruiting counsel (dkt. #23) is DENIED without prejudice.

3) This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 7th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge