UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESHAUN BENJAMIN,

                              Plaintiff,

        v.                                              Case No. 22-cv-431-pp

SERGEANT SONNETAG,
SERGEANT BARRETT,
and SERGEANT LEE,

                              Defendants.

## ORDER DENYING PLAINTIFF'S REQUEST FOR CONTINUANCE (DKT. NO. 34), GRANTING DEFENDANTS' MOTION TO COMPEL (DKT. NO. 32) AND ORDERING PLAINTIFF TO PROVIDE DEFENDANTS WITH REQUESTED DISCOVERY

On August 23, 2021, plaintiff LeShaun Benjamin filed a complaint under 42 U.S.C. §1983 in the Western District of Wisconsin. Dkt. No. 1. At that time, he was incarcerated at the Waupun Correctional Institution. Id. at 5. On January 4, 2022, U.S. District Judge William M. Conley screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Sergeants Sonnetag, Barrett and Lee at Waupun. Dkt. No. 11. On April 7, 2022, Judge Conley granted the defendants' unopposed motion to transfer the case to the Eastern District of Wisconsin, where venue is proper. Dkt. No. 26. The case was docketed here the same day and assigned to this court. Dkt. No. 27.

On April 25, 2022, the court entered a scheduling order setting a September 26, 2022 deadline for the parties to complete discovery. Dkt. No. 31.

The court instructed the parties to conduct discovery according to Federal Rules of Civil Procedure 33 and 34, which provide that a party responding to discovery requests "must serve its answers and any objections within sixty days after being served with the discovery requests." Id. at ¶1 & n.1; Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). The scheduling order "advises the plaintiff that failure to make a timely submission or otherwise comply with the court's orders may result in the dismissal of this case for failure to prosecute." Id. at ¶3. The order "further advise[d] the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the court dismissing his case without further notice." Id. at ¶4.

On July 22, 2022, the defendants filed a motion asking the court to compel the plaintiff to respond to their discovery requests or, in the alternative, to dismiss the case for the plaintiff's failure to diligently pursue it. Dkt. No. 32. The defendants explained that they had served the plaintiff with their first request for discovery on April 26, 2022, but that the plaintiff did not timely respond to those requests. Id. at ¶¶1–2. On July 5, 2022, the defendants sent written notice to the plaintiff that they had not received his discovery responses and asked him to respond by July 15, 2022. Id. at ¶2. On July 13, 2022, the defendants' letter was returned as undeliverable. Id. at ¶3. The returned letter, a copy of which the defendants filed with their motion, says "Return to Sender – Attempted – Not Known – Unable to Forward." Id.; Dkt. No. 33-3. The

defendants indicated that at the time they filed the motion, they still had not received discovery responses from the plaintiff. Dkt. No. 32 at ¶7. The defendants asked the court to order the plaintiff to respond to their discovery responses under Federal Rule of Civil Procedure 37. Id. at ¶6. Alternatively, the defendants asked the court to dismiss the case for the plaintiff's failure to diligently pursue it. Id. at ¶¶8–12.

In another of his pending cases, the plaintiff's recruited counsel advised the court that the plaintiff expected to be released from Waupun on May 3, 2022 and would be returning to the Milwaukee area. Case No. 18-cv-570-pp, Dkt. No. 73 at 1. The Wisconsin Department of Corrections website shows the plaintiff was released to active community supervision on May 3, 2022. See https://appsdoc.wi.gov/lop/home/home (DOC# 00354122). The plaintiff did not notify the court of his release or provide the court with his new address.

On September 14, 2022, however, the court received a letter from the plaintiff. Dkt. No. 34. He asked for a "continuation" of his cases, saying that he had not been "stable" since his release from prison, which caused him to be "disfunctional" regarding his cases. Id. He stated that he was back in prison due to a lack of care and concern on the part of his probation officer; he stated that he hoped that by the time he was released, he would be able to obtain disability payments. Id. The Inmate Locator web site shows that on September 1, 2022, the plaintiff was admitted to the Milwaukee Secure Detention Facility on a probation hold, but that he was released on September 19, 2022.

3

See https://appsdoc.wi.gov/lop/home/home (DOC# 00354122). Again, the plaintiff did not notify the court of his release or provide the court with his new address.

The defendants oppose the plaintiff's request for a continuance. Dkt. No. 35. They emphasize that the court has told the plaintiff that it is his responsibility to keep the court advised of his address, and that he never has responded to their requests for discovery. Id. at 1-2. They point out that discovery is on the brink of closing and that they have no way to defend against the plaintiff's allegations; they urge the court to deny the request for a continuance and to dismiss the case. Id. at 2.

Although the court has advised the plaintiff in this and several other cases he has pending before the court that it is his responsibility to respond to requests from the defendants and to provide the court his most recent address, he has done neither. The plaintiff is represented by recruited counsel in Case No. 18-cv-570-pp, but he is representing himself in this and all other cases he has pending before the court. That means it remains his responsibility to litigate his lawsuits, to notify the court when he is released from custody and to advise the court of his address when he is released. The plaintiff has failed to follow the court's orders.

The court will not grant the plaintiff a continuance. The court will suspend the discovery and summary judgment deadlines. The court will grant the defendants' motion to compel and will order the plaintiff to respond to the motion, or to file a written explanation with this court about why he cannot do

4

so. It will attempt to obtain the plaintiff's current address from his supervising probation officer and will send the order to that address. If, by the end of the day on **October 28, 2022**, the defendants have not received from the plaintiff responses to their discovery demands, the defendants may notify the court of that fact. If the defendants notify the court that they have not received the discovery and this court has not received a written explanation from the plaintiff about why he could not provide the discovery, the court will dismiss the case without prejudice on the next business day. See Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

The court **SUSPENDS** the discovery and dispositive motions deadlines set in the April 25, 2022 scheduling order (Dkt. No. 31).

The court **DENIES** the plaintiff's request for a continuance. Dkt. No. 34.

The court **GRANTS** the defendants' motion to compel. Dkt. No. 32.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, then by the end of the day on **October 28, 2022**, he must either provide the defendants with the discovery or file with this court an explanation for why he cannot do so. He must provide the discovery in time for the defendants to *receive* it by the end of the day on October 28, 2022. If instead he files a written explanation, he must file that explanation in time for the court to *receive* it by the end of the day on October 28, 2022. If the defendants do not receive the discovery by the end of the day on October 28, 2022, they may notify the court

in writing of that fact. If the defendants do not receive the discovery, and this court does not receive a written explanation from the plaintiff, by the end of the day **October 28, 2022**, the court will dismiss this case without prejudice without further notice or hearing.

Dated in Milwaukee, Wisconsin this 27th day of September, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**