UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESHAUN BENJAMIN,

           Plaintiff,

v.                                                               Case No. 22-cv-431-pp

SERGEANT SONNETAG, *et al.*,

           Defendants.

**ORDER DISMISSING CASE WITH PREJUDICE UNDER LOCAL RULE 41(C) FOR PLAINTIFF'S REPEATED FAILURE TO COMPLY WITH COURT ORDERS AND DILIGENTLY PROSECUTE THIS CASE**

On November 9, 2022, the court dismissed this case without prejudice because the plaintiff had failed to comply with court orders and diligently prosecute this case. Dkt. No. 39. Five days later, the court received from the plaintiff a typed letter asking the court to reopen the case. Dkt. No. 41. The plaintiff acknowledged his past failures to follow court orders and committed to follow all future court orders and actively litigate this case. Id.

On December 5, 2022, the court issued an order granting the plaintiff's motion to reopen this case. Dkt. No. 43. The court indicated that it suspected that the plaintiff had not drafted the typed letter himself and that the attorney the court had recruited to represent him in another case had drafted and prepared the letter for the plaintiff to sign. Id. at 3. The court reminded the plaintiff "that he is representing himself in this litigation . . . ; that means it is his obligation to fulfill the assurances he gives the court in his letter in this case." Id. The court nonetheless found that the plaintiff's letter provided good

cause to reconsider its past dismissal order and reopen this case. Id. at 4. But the court advised the plaintiff that

> [i]f the plaintiff again fails to timely respond to the defendants' discovery requests, or if he does not *fully* provide the information they request, and if he does not explain why he cannot do so, the defendants may again notify the court of the plaintiff's failure to comply with this order. In that event, the court will again dismiss this case and *will not reopen it.*
>
> The court warns the plaintiff that further failures to comply with court orders, including this one, will result in dismissal of this case. If events occur in the plaintiff's life that make it difficult for him to meet the deadlines the court sets, he must explain those difficulties to the court in writing and request additional time to meet court deadlines *before* the deadline expires. The court will not accept after-the-fact explanations for the plaintiff's failure to comply with the court's orders. The plaintiff has promised to dutifully prosecute this case and keep the court fully informed of his mailing address and progress in this litigation. The court will hold him to those promises.

Id. (emphases in original).

The court ordered the plaintiff to respond in full to the defendants' discovery requests by the end of the day on December 19, 2022. Id. The court explained that if the plaintiff failed to comply with that order, then "the defendants may notify the court and the court will dismiss this case on the next business day for the plaintiff's repeated failure to diligently prosecute this case." Id. at 4–5 (citing Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.")). The court also set a deadline of February 17, 2023 for the parties to file dispositive motions. Id. at 5.

The December 19, 2022 deadline has passed. On January 3, 2023, the court received a notice from the defendants advising that the plaintiff had failed to comply with the court's order and had not served complete responses to the defendants' discovery requests. Dkt. No. 44. Defense counsel provided an affidavit explaining that on December 12, 2022, counsel had emailed the plaintiff (at his request) a copy of the defendants' previous discovery requests. Dkt. No. 45 at ¶¶3–4. Included in those documents was a request that the plaintiff produce copies of his medical records from his Department of Corrections Health Services Unit files. Dkt. No. 45-1 at 6. The defendants advised the plaintiff that in the alternative, he could sign and return an enclosed three-page form titled "Authorization and Informed Consent for Use and Disclosure of Medical Information." Id. at 6–9.

On December 19, 2022, the defendants received from the plaintiff an email containing a photograph of only the signed signature page of the medical authorization form. Dkt. No. 45 at ¶5; Dkt. No. 45-2. The next morning, defense counsel responded to the plaintiff and advised him that "the photograph was not sufficient and he should mail or email a scanned copy of signed responses to the request for production and the authorization." Dkt. No. 45 at ¶6; Dkt. No. 45-3. Counsel explained in her email to the plaintiff that the defendants "cannot request [the plaintiff's] records without a full copy of the signed authorization." Dkt. No. 45-3. Counsel avers that as of January 3, 2023, she had not received the signed responses or authorization from the plaintiff. Dkt. No. 45 at ¶7.

The defendants' notice and attachments show that the plaintiff received the defendants' discovery requests by email, which is the medium he requested the defendants use. He then was able to print out the medical authorization, sign it, photograph it and upload the photograph into his email to send back to the defendants. He did all that by December 19, 2022. But when defense counsel advised the plaintiff the next morning that the photograph of the single page of the authorization was insufficient, the plaintiff did not respond. He did not say that he was unable to print, scan and email or mail back the full authorization. He did not ask for additional time to complete those extra steps or explain why he could not complete them. Nor did he contact the court to request additional time or explain why he was able to upload and email only the photograph of the signed page. He has not responded to defense counsel's December 20, 2022 email—sent over two weeks ago—and has not contacted the court.

The plaintiff's letter asking the court to reopen this case assured the court that the plaintiff would take all steps necessary to ensure his full cooperation in this case and "afford this matter the attention and focus that it merits." Dkt. No. 41 at ¶3. The plaintiff has failed to fulfill those assurances and again has not complied with court orders and diligently prosecuted this case. His email response to the defendants' discovery requests shows that he only partially complied with the request, then stopped responding altogether. That is not what the plaintiff promised, nor is it what the court ordered him to

4
Case 2:22-cv-00431-PP   Filed 01/11/23   Page 4 of 5   Document 46

do. The court will enforce its previous order and dismiss this case with prejudice. <u>See</u> Civil L.R. 41(c). The court will not reopen this case.

The court **VACATES** the February 17, 2023 dispositive motions deadline and **DISMISSES** this case under Civil Local Rule 41(c) because the plaintiff has repeatedly failed to comply with court orders and diligently prosecute this case. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 11th day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**